IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MATTHEW WARCIAK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SUBWAY RESTAURANTS, INC., a Delaware corporation,<br><br>*Defendant*. | Case No.: 16-cv-8694 |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff Matthew Warciak brings this Class Action Complaint and Demand for Jury Trial against Defendant Subway Restaurants, Inc. ("Subway") to stop its practice of making unwanted and unsolicited text message calls to the cellular telephones of consumers nationwide and to obtain redress for all persons injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

**NATURE OF THE ACTION**

1. Defendant Subway operates a nationwide chain of fast food sandwich shops.

2. In an effort to drive customers to its stores, Subway, through a marketing partner, engaged in a massive text message campaign offering millions of consumers a free Subway sandwich.

3. The recipients of these promotional text messages did not consent to receive marketing messages sent by or on behalf of Subway.

4. As a result, Defendant had millions of unauthorized text messages sent to

1

consumers across the country. And because Defendant had these unauthorized text message calls sent to the cellular telephones of consumers—without prior consent—it violated the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") and the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.* ("ICFA").

5. The TCPA was enacted to protect consumers from unsolicited and unwanted calls, exactly like those alleged in this case. Subway had these text message calls made despite the fact that neither Plaintiff nor the other members of a putative Class of consumers (defined below) provided Subway with their prior express consent to receive such promotional text messages. Similarly, the ICFA was enacted to protect Illinois consumers from unfair and unlawful methods of competition, such as the unwanted and unlawful text message advertisements at issue here.

6. By sending spam text messages, Subway has violated the privacy and statutory rights of Plaintiff and the Class and caused them harm by subjecting them to the aggravation that necessarily accompanies the receipt of unsolicited spam text messages.

7. Plaintiff, on behalf of himself and the putative Class, seeks an injunction requiring Subway to cease all unlawful text messaging activities alleged in this Complaint, and an award of statutory damages to Plaintiff and the Class for each such violation, together with costs and reasonable attorneys' fees.

**PARTIES**

8. Plaintiff Matthew Warciak is a natural person and citizen of the State of Illinois.

9. Defendant Subway Restaurants, Inc. is a corporation existing under the laws of the State of Delaware with its principal place of business located at 325 Sub Way, Milford, Connecticut 06461. Subway conducts business throughout this District, the State of Illinois, and

the United States.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute. This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367(a) because they are so related to his federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

11. This Court has personal jurisdiction over Defendant because it conducts significant business transactions in Illinois, and because the wrongful conduct occurred in Illinois.

12. Venue is proper in this District under 28 U.S.C. § 1391(b) as the operative facts giving rise to Plaintiff's complaint occurred in this District.

## COMMON FACTUAL ALLEGATIONS

13. Defendant Subway is in the business of selling sub sandwiches through its chain of fast food restaurants nationwide.

14. In September 2016, Subway ventured into a new realm of marketing to drive customers to its stores: mass text messaging. Specifically, Subway engaged T-Mobile to send out commercial text message solicitations promoting a Subway offer (the "Subway Deal") in which customers of T-Mobile could get free sandwiches by going to Subway that day:

> This T-Mobile Tuesday, score a free 6" Oven Roasted Chicken sub at SUBWAY, just for being w/ T-Mobile. Ltd supply. Get app for details: http://t-mo.co/2boFfwo

3

15. Plaintiff Warciak and other members of the Class did not consent to receive a text message from Subway or a text message promoting Subway's products. While Plaintiff Warciak and other members of the Class are customers of T-Mobile for the purpose of receiving cellular telephone service, their relationship with T-Mobile has no connection to Subway.

16. The large number of consumers who received this message, combined with the generic advertising content that was contained in each message, indicates that the text messages were sent using an automatic telephone dialing system ("ATDS"). Specifically, the hardware and software used to send the messages has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, en masse, in an automated fashion without human intervention. The automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous text message calls simultaneously (all without human intervention). And Defendant had made on its behalf the same (or substantially the same) text message calls *en masse* to thousands of cellular telephone numbers.

17. Defendant never obtained recipients' consent to send them commercial solicitations via text message. Moreover, none of the promotional text messages made on behalf of Defendant provided a reasonable opportunity for the recipient to opt out of receiving future promotional text messages.

18. Through its conduct, Defendant has caused consumers actual harm by making the unauthorized text message calls at issue. Plaintiff and members of the Class were subjected to the aggravation that necessarily accompanies the receipt of unauthorized text message calls.

19. Moreover, Plaintiff and members of the Class suffered injuries in the form of invasions of privacy and violations of their statutory rights, the diminished value and utility of

their telephone equipment and telephone subscription services (i.e., the value of such equipment and services is higher when unencumbered by repeated and harassing text message calls), the amount of time lost answering and fielding the unwanted telemarketing text messages, the wear and tear on their telephone equipment, the loss of battery (which becomes diminished with each incoming phone call), the loss of battery life (which has a finite number of charging cycles), and the electricity costs required to recharge their cellular phones.

### FACTS SPECIFIC TO PLAINTIFF WARCIAK

20. On September 6, 2016, Plaintiff Warciak received the following text message:

> This T-Mobile Tuesday, score a free 6" Oven Roasted Chicken sub at SUBWAY, just for being w/ T-Mobile. Ltd supplies. Get app for details: http://t-mo.co/2bGiBjS

21. Plaintiff did not provide his cellular telephone number to Defendant Subway prior to receiving this text message. As such, Plaintiff did not provide any form of prior express consent to receive text messages from Defendant. Likewise, Plaintiff did not provide his prior express consent to non-party T-Mobile to receive marketing messages wholly unrelated to the delivery of cellular telephone service.

22. Defendant's intrusive text messages adversely affected Plaintiff's right to privacy.

23. Defendant was and is aware that the above-described text message calls were being made on a widespread basis, and that the text message calls were being made to consumers who had not consented to receive them.

## CLASS ACTION ALLEGATIONS

24. **Class Definition**: Plaintiff Warciak brings this action pursuant to Federal Rule of Civil Procedure (b)(2), and (b)(3) on behalf of himself and a class and subclass defined as follows:

> **Class**: All persons in the United States who received one or more text messages advertising the Subway Deal.
>
> **Illinois Subclass**: All members of the Class who reside in the State of Illinois.

Excluded from the Class and Illinois Subclass (collectively the "Class," unless otherwise indicated) are: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assigns of any such excluded persons.

25. **Numerosity**: The exact number of Class members is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has sent promotional text messages to thousands of consumers who fall into the definition of the Class. Class members can be identified through Defendant's records.

26. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the putative Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

**The Class**:

    (a)    Whether Defendant's conduct violated the TCPA;

    (b)    Whether Defendant had text messages sent using an automatic telephone dialing system ("ATDS"), as contemplated by the TCPA;

    (c)    Whether Defendant systematically sent promotional text messages to persons who did not previously provide it with prior express consent to receive such text message calls; and

    (d)    Whether Plaintiff and the members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

**The Illinois Subclass**:

    (a)    Whether Defendant systematically sent the promotional text messages to persons who did not previously provide it with prior express consent to receive such text message calls;

    (b)    Whether Defendant's conduct violates the ICFA; and

    (c)    Whether Plaintiff and the members of the Illinois Subclass are entitled to actual damages, attorneys' fees, and costs.

27.    **Typicality**: Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the Class members sustained damages arising out of Defendant's uniform wrongful conduct and unsolicited text message calls.

28.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex litigation and class actions. Plaintiff's claims are representative of the claims of the other members of the Class. That is, Plaintiff and the Class members sustained damages as a

result of Defendant's conduct and received substantially the same text messages. Plaintiff also has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class, and have the financial resources to do so. Neither Plaintiff nor his counsel has any interest adverse to the Class.

29. **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

30. **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management

difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured.

31. Plaintiff reserves the right to revise the foregoing "Class Allegations" and "Class Definition" based on facts learned through additional investigation and in discovery.

**FIRST CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227**
**(On behalf of Plaintiff and the Class)**

32. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

33. In an effort to promote its restaurant chain, Subway had unsolicited and unwanted text message calls sent to Plaintiff's and the Class's cellular telephones without their prior express consent.

34. Subway had the promotional text messages sent to Plaintiff's and the Class's cellular telephone numbers using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or receive and store lists of phone numbers, and to dial such numbers *en masse*.

35. The text messages were sent utilizing equipment that sent the promotional text messages to Plaintiff and other members of the putative Class simultaneously and without human intervention.

36. By having the promotional text messages sent to Plaintiff's and members of the Class's cellular telephones without prior express consent, and by having those text messages sent utilizing an ATDS, Subway violated 47 U.S.C. § 227(b)(1)(A)(iii).

37. As a result of Subway's unlawful conduct, Plaintiff and the members of the putative Class suffered actual damages and have also had their rights to privacy adversely

impacted. Plaintiff and the Class are therefore entitled to, among other things, a minimum of $500 in statutory damages for each such violation under 47 U.S.C. § 227(b)(3)(B).

38. Because Subway's misconduct was willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(b)(3), treble the amount of statutory damages recoverable by the Plaintiff and the other members of the putative Class.

39. Additionally, as a result of Subway's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction under 47 U.S.C. § 227(b)(3)(A) to ensure that Subway's violations of the TCPA do not continue into the future.

**SECOND CAUSE OF ACTION**
**Violation of 815 ILCS 505/1, *et seq.***
**(On behalf of Plaintiff and the Illinois Subclass)**

40. Plaintiff incorporates the foregoing allegations as if fully set forth herein.

41. The ICFA prohibits any unlawful, unfair, or fraudulent business acts or practices.

42. Plaintiff and the members of the Illinois Subclass are "persons" under the IFCA. *See* 815 ILCS 505/1(c).

43. Subway is a business entity or association that operates a service through its restaurant chain and, as such, is a "person" engaged in "trade" and "commerce" under the IFCA. *See* 815 ILCS 505/1(c).

44. Defendant engaged in unfair acts and practices in violation of 815 ILCS 505/2 by sending (or having sent on its behalf) the unwanted and unsolicited promotional text messages to Plaintiff and the members of the Illinois Subclass. In particular, Subway's text messaging practices are unfair business practices because they are deceptive and cause substantial injury to the call recipients.

45. Subway's unwanted and unsolicited promotional text messages are contrary to public policy because they are unlawful under the TCPA, as described in the First Cause of Action above.

46. As a result of Subway's conduct, Plaintiff and each Illinois Subclass member suffered damages in the form of the cost associated with receiving the unwanted and unsolicited text messages, the diminished value and utility of their telephone equipment and telephone subscription services (*i.e.*, the value of such equipment and services is higher when unencumbered by repeated and unwanted text message advertisements), the measureable amounts of time lost answering and deleting the unwanted text messages, the wear and tear caused to their telephone equipment, the loss of battery charge (which becomes diminished with each incoming text message), the loss of battery life (which has a finite number of charging cycles), and the per-kilowatt electricity costs required to recharge their cellular phones as a result of such text messages. While the economic damages to Plaintiff and each individual of the Illinois Subclass members may be small, their aggregate injuries are substantial.

47. In addition, Subway's unlawful and unfair text message advertising gave it an unfair competitive advantage over businesses that advertise their products and services lawfully.

48. Subway's unlawful and unfair business practices occurred during the course of trade or commerce, and were material and a direct cause of the injuries suffered by Plaintiff and the members of the Illinois Subclass.

49. Subway's unfair and unlawful conduct negatively affects large numbers of Illinois residents, and these effects are not outweighed by any countervailing benefits to consumers.

50. Therefore, Plaintiff seeks an order: (i) permanently enjoining Subway from continuing to engage in the unfair conduct described here; (ii) requiring Subway to pay actual and compensatory damages; and (iii) requiring Subway to pay interest, attorneys' fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Matthew Warciak, individually and on behalf of the Class, prays for the following relief:

(a) An order certifying the Class as defined above, appointing Plaintiff Matthew Warciak as the representative of the Class, and appointing his counsel as Class Counsel;

(b) An order declaring that Subway's actions, as set out above, violate the TCPA and ICFA;

(c) An order declaring that the telephone calling equipment used to send the text messages at issue here constitutes an automatic telephone dialing system under the TCPA;

(d) An injunction requiring Subway's to cease all unlawful text message activities and enjoining Subway from using automated or computerized dialing equipment to place text message calls without consent;

(e) An order requiring Subway to disgorge any ill-gotten funds acquired as a result of its unlawful telephone calling practices;

(f) An order requiring Subway to permanently cease-and-desist from all unlawful conduct as alleged herein and otherwise protecting the interests of the Class;

(g) An award of actual, statutory, and treble damages;

(h) An award of reasonable attorneys' fees and costs; and

(i) Such other and further relief that the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

                                                Respectfully submitted,

                                                **MATTHEW WARCIAK**, individually and on behalf of all others similarly situated,

Dated: September 6, 2016                By: /s/ Benjamin H. Richman
                                                            One of Plaintiff's Attorneys

                                                Benjamin H. Richman
                                                brichman@edelson.com
                                                Courtney C. Booth
                                                cbooth@edelson.com
                                                EDELSON PC
                                                350 North LaSalle Street, 13th Floor
                                                Chicago, Illinois 60654
                                                Tel: 312.589.6370
                                                Fax: 312.589.6378

                                                *Attorneys for Plaintiff and the Putative Class*