IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MATTHEW WARCIAK, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>SUBWAY RESTAURANTS, INC., a Delaware corporation,<br><br>*Defendant*. | Case No. 16-cv-8694 |

**DEFENDANT SUBWAY RESTAURANTS, INC.'S
MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY**

Defendant Subway Restaurants, Inc.[1] ("SUBWAY®") moves for leave to file supplemental authority, Order Granting Defendant's Motion to Compel Arbitration, *Rahmany, et al, v. T-Mobile USA, Inc., et al*, NO. C16-1416 JCC (W.D. Wash. Jan. 5, 2017) [Dkt. 25], attached hereto as Exhibit A, in support of Defendant Subway Restaurants, Inc.'s Motion to Compel Arbitration (Dkt. No. 10).

The Order in the *Rahmany* matter bears directly on this case and SUBWAY®'s pending Motion because the two putative class actions are nearly identical. Each case stems from the same text message sent by T-Mobile in connection with the T-Mobile Tuesdays customer appreciation giveaway, and the putative classes in the two cases are the exact same. Importantly, the Western District of Washington granted SUBWAY®'s Motion to Compel Arbitration on the exact question pending before this Court, namely whether SUBWAY® is entitled to enforce the arbitration agreement in T-Mobile's Terms and Conditions under the equitable estoppel doctrine.

---

[1] The Complaint improperly names Subway Restaurants, Inc. as the defendant in this case. Subway Franchisee Advertising Fund Trust, Ltd. is the proper party and is the entity referred to herein as SUBWAY®.

The *Rahmany* court held that SUBWAY®, as a non-signatory, is entitled to enforce the arbitration agreement under the doctrine of equitable estoppel because both prongs of the doctrine are satisfied.

WHEREFORE, SUBWAY® respectfully requests that the Court grant it leave to file this supplemental authority in support of Defendant Subway Restaurants, Inc.'s Motion to Compel Arbitration.

| | |
|---|---|
| Dated: January 6, 2017 | Subway Restaurants, Inc.<br><br>By: Lawrence H. Heftman<br>    One of its attorneys<br><br>Kristine McAlister Brown (*pro hac vice*)<br>Derin B. Dickerson (*pro hac vice*)<br>ALSTON & BIRD<br>One Atlantic Center<br>1201 W. Peachtree Street<br>Suite 4900<br>Atlanta, GA  30309<br>Telephone:  (404) 881-7000<br>Email:  kristy.brown@alston.com<br>Email:  derin.dickerson@alston.com<br><br><br>Charles H. R. Peters<br>Lawrence Harris Heftman<br>SCHIFF HARDIN LLP<br>233 S. Wacker Drive<br>Suite 6600<br>Chicago , IL 60606<br>Telephone:     (312) 258-5500<br>Email: cpeters@schiffhardin.com<br>Email: lheftman@schiffhardin.com |

## CERTIFICATE OF SERVICE

I hereby certify that on January 6, 2017, I caused to be served the above and foregoing **DEFENDANT SUBWAY RESTAURANTS, INC.'S MOTION FOR LEAVE TO FILE SUPPLEMENTAL AUTHORITY** by causing a true and accurate copy to be filed and transmitted to all counsel of record via the court's CM/ECF electronic filing system.

/s/ Lawrence H. Heftman