# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

MATTHEW WARCIAK, individually and on behalf of others similarly situated,

Plaintiff,

v.

SUBWAY RESTAURANTS, INC.,

Defendant.

1:16-cv-08694

## MEMORANDUM OPINION

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant Subway Restaurants, Inc.'s ("Subway") motion to dismiss Plaintiff Matthew Warciak's ("Warciak") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the following reasons, the Court grants Subway's motion.

## BACKGROUND

For purposes of this motion, the Court accepts as true the following facts from the complaint. *Murphy v. Walker*, 51 F.3d 714, 717 (7th Cir. 1995). All reasonable inferences are drawn in Warciak's favor. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008).

Subway, a Delaware corporation with its principal place of business in Connecticut, operates a nationwide chain of sandwich shops with locations throughout

Illinois. In September 2016, T-Mobile sent a promotional text message to "thousands" of its customers advertising a free Subway sandwich as part of its T-Mobile Tuesdays program, a T-Mobile service offering that provides free items to its customers each Tuesday. The text message in question read as follows:

> This T-Mobile Tuesday, score a free 6" Oven Roasted Chicken sub at SUBWAY, just for being w/ T-Mobile. Ltd supply. Get app for details: http://t-mo.co/2boFfwo.

Warciak, an Illinois citizen, is a T-Mobile customer and is among the class of plaintiffs who received the promotional text message. The members of the class are all T-Mobile customers and did not consent to receive promotional text messages.

On September 6, 2016, Warciak filed the instant complaint on behalf of himself and other class members, alleging that Subway's conduct violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA"), 815 ILCS 505/1, *et seq*. Subway filed a motion to dismiss on May 5, 2018 pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking to dismiss the complaint for failure to state a claim upon which relief could be granted.

## **LEGAL STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) "tests the sufficiency of the complaint, not the merits of the case." *McReynolds v. Merrill Lynch & Co.*, 694 F.3d 873, 878 (7th Cir. 2012). The allegations in the complaint must

set forth a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiffs need not provide detailed factual allegations, but must provide enough factual support to raise their right to relief above a speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

A claim must be facially plausible, meaning that the pleadings must "allow…the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The claim must be described "in sufficient detail to give the defendant 'fair notice of what the…claim is and the grounds upon which it rests.'" *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are insufficient to withstand a 12(b)(6) motion to dismiss. *Iqbal*, 556 U.S. at 678.

## DISCUSSION

Subway urges the Court to dismiss the complaint for failure to state a viable cause of action under either the TCPA or the ICFA. The Court analyzes each argument in turn.

**I. Sufficiency of Allegations to State a Claim Under the TCPA**

Subway contends that Warciak failed to sufficiently plead a TCPA claim for two reasons: (1) Subway is not directly or vicariously liable under the TCPA, and (2)

Warciak's claims are barred by the TCPA's wireless carrier exemption.[1]  The Court addresses each reason accordingly.

**A. Subway's Liability Under the TCPA**

*i. Direct Liability*

The TCPA prohibits any person from using an automated telephone dialing system ("ATDS") to call a telephone number assigned to a cellular telephone device. 47 U.S.C. § 227(b)(1)(A)(iii).  For purposes of this statute, a text message is considered a "call." *Lozano v. Twentieth Century Fox Film Corp.*, 702 F.Supp.2d 999, 1009 (N.D. Ill. 2010). To be directly liable for a TCPA violation, an entity must either physically place the call or be "so involved in the placing" of the call that the entity essentially made it themselves. *Smith v. State Farm Mut. Auto. Ins. Co.*, 30 F.Supp.3d 765 (N.D. Ill. 2014); *In re Dish Network, LLC*, 28 F.C.C. Rcd. 6574, 6583 (2013) ("We conclude that a person… "initiates" a telephone call when it takes the steps necessary to physically place a telephone call…. And one can imagine a circumstance in which a seller is so involved in the placing of a specific telephone call as to be directly liable for initiating it…."). While the meaning of physical placement of a call is straightforward, the "so involved" standard is less clear.  To clarify the level of involvement necessary to make an entity directly liable for the TCPA violation, the Federal Communications

---

[1] Subway also argues that the complaint states a conclusory allegation that T-Mobile used an automated telephone dialing system ("ATDS") to send the text message, a necessary element of this TCPA claim. Because the Court finds that there is not a sufficient factual basis in the complaint to hold Subway directly or vicariously liable and that the TCPA's wireless carrier exemption applies, the Court declines to address the remaining arguments raised in the motion to dismiss.

Commission ("FCC") stated that an entity may dictate "specific and comprehensive instructions as to the timing and manner of the call." *Id*.

The complaint acknowledges that T-Mobile is the entity that physically sent out the text message at issue, meaning that Subway was not the actual sender. The complaint does not allege that Subway was intimately involved in giving instructions to T-Mobile regarding the details of the text message. Accordingly, the Court finds that the complaint does not allege sufficient facts to hold Subway directly liable for a violation of the TCPA.

>  *ii. Vicarious Liability*

The TCPA also allows entities to be held vicariously liable under agency principles for violations committed by third parties. *In re Dish Network, LLC*, 28 F.C.C. Rcd. at 6586 (finding that common-law agency principles, apparent authority, and ratification may all establish vicarious liability for violations of the TCPA). To find that a common-law agency relationship existed, the alleged facts must indicate that the principal has control over the agent's acts. *Chemtool, Inc. v. Lubrication Techs., Inc.*, 148 F.3d 742, 745 (7th Cir. 1998) ("The test of agency is whether the alleged principal has the right to control the manner and method in which work is carried out by the alleged agent….").

For example, in *Smith*, the Court held that the plaintiff alleged a sufficient factual basis to hold the defendant vicariously liable for a TCPA violation where the complaint included details of the defendant's control over the quality, timing, and volume of calls,

as well as the geographic location of customers to be targeted. *Smith*, 30 F.Supp.3d at 775. Using the same rationale, the Court in *Meeks* found that the plaintiff could not establish vicarious liability for a TCPA violation because the plaintiff failed to sufficiently allege that the defendant exhibited any control over "whether, when, and to whom to send the text messages, along with their content." *Meeks v. Buffalo Wild Wings, Inc.*, 2018 WL 1524067, at *6 (N.D. Cal. 2018).

In the instant complaint, Warciak states that Subway "engaged" in a text message campaign "through a marketing partner" and "had these text message calls made." Notably absent from the complaint are any facts alleging that Subway controlled the timing, content, or recipients of the text message. Indeed, Warciak acknowledges that the recipients of the text message are all T-Mobile customers, indicating that Subway did not have control over who received the text message. Therefore, the complaint does not allege sufficient facts to establish a common-law agency relationship.

As the FCC noted in *In re Dish Network, LLC*, a plaintiff can also establish the defendant's vicarious liability by a showing of apparent authority or ratification. *In re Dish Network, LLC*, 28 F.C.C. Rcd. at 6586. "Apparent authority holds a principal accountable for the results of third-party beliefs about an actor's authority to act as an agent when the belief is reasonable and is traceable to a manifestation of the principal." Restatement (Third) of Agency § 2.03 cmt. c (2006). "Ratification is the affirmance of a prior act done by another, whereby the act is given effect as if done by an agent acting with actual authority." *See* Restatement (Third) of Agency § 4.01(1) (2006). However,

ratification is unavailable where neither actual nor apparent authority exist. *See Thomas v. Taco Bell Corp.*, 582 Fed.Appx. 678, 679 (9th Cir. 2014). Therefore, to establish vicarious liability under either of these two theories, Warciak would need to allege that he reasonably believed T-Mobile text messaged him as Subway's agent and that his belief is traceable to some communication from Subway. *See Smith*, 30 F.Supp.3d at 777–78.

The complaint does not allege that there was any communication from Subway to Warciak, so as to qualify as a "manifestation of the principal." Restatement (Third) of Agency § 2.03 cmt. c (2006). Moreover, the complaint states that the text message from T-Mobile was directed to T-Mobile customers, was part of a T-Mobile program that rewarded customers "just for being w/ T-Mobile," and directed recipients to a T-Mobile website. Due to the lack of factual support for the claim that T-Mobile was communicating as Subway's agent, the Court cannot find apparent authority based on the facts alleged. Given that Warciak failed to sufficiently allege that Subway exhibited actual or apparent authority, ratification is also unavailable. Accordingly, the Court finds that the complaint cannot support a theory of vicarious liability.

**B. TCPA Wireless Carrier Exemption**

Subway next contends that Warciak's claims are barred by the wireless carrier exemption to the TCPA. That exemption states that cellular carriers are exempt from the TCPA's prohibitions if they are messaging their own customers and the customers are not charged for the message. *In the Matter of Rules & Regulations Implementing*

7

*the Tel. Consumer Prot. Act of 1991*, 7 F.C.C. Rcd. 8752 (1992) ("Accordingly, cellular carriers need not obtain additional consent from their cellular subscribers prior to initiating autodialer and artificial and prerecorded message calls for which the cellular subscriber is not charged."). This exemption is not limited to messages regarding a wireless carrier's services, but rather the inquiry is focused on the identity of the sender and whether the recipient is charged. Telephone Consumer Protection Act of 1991, 77 FR 34233-01 (2012) (noting that Congress did not intend to prohibit autodialed telemarketing text messages by wireless carriers to their customers so long as the customer was not charged).

The complaint alleged that T-Mobile sent the text message at issue and that all recipients of the text message were T-Mobile customers. Notably, the complaint is void of any factual assertions that the recipients were charged for the text message. Furthermore, the text message promoted a service offering to T-Mobile customers as part of the T-Mobile Tuesdays program, meaning that the message would satisfy any proposed limits to the wireless carrier exemption. This type of content falls squarely within the sort of communications Congress anticipated between wireless carriers and their customers. Accordingly, the wireless carrier exemption applies to the text message at issue, and there cannot be a TCPA violation based on the facts alleged in the complaint.

Taking into consideration all the facts included in the complaint, the Court concludes that there is not a sufficient basis on which to hold Subway directly or

vicariously liable for a violation of the TCPA. Moreover, the facts alleged in the complaint demonstrate that the TCPA's wireless carrier exemption applies, meaning that there is no underlying TCPA violation for which to hold Subway directly or vicariously liable. For these reasons, the Court grants the instant motion and dismisses the claim raised under the TCPA.

## II. Sufficiency of Allegations to State an ICFA Claim

Having dismissed Warciak's claim under the TCPA, only his state law claim remains. According to 28 U.S.C. § 1367(a), federal courts have supplemental jurisdiction over claims that arise out of the "same case or controversy" as a claim over which the court has original jurisdiction. A district court "may decline to exercise supplemental jurisdiction over pendent state-law claims if the court has dismissed all claims over which it has original jurisdiction." *Wright v. Associated Ins. Companies, Inc.*, 29 F.3d 1244, 1250–51 (7th Cir. 1994) (internal quotation marks omitted), *citing* 28 U.S.C. § 1367(c)(3). The Seventh Circuit has adopted the general rule that "when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Id.* at 1251. Accordingly, having dismissed Warciak's TCPA claim, the Court declines to exercise jurisdiction over the remaining state law claim.

## **CONCLUSION**

For the aforementioned reasons, the Court grants Subway's motion to dismiss for failure to state a claim upon which relief may be granted. It is so ordered.

Dated: 2/28/2019

_____
Charles P. Kocoras
United States District Judge